UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Thomas Burke,<br><br>　　　Plaintiff,<br><br>v.<br><br>Unum Life Insurance<br>Company of America,<br><br>　　　Defendant. | Case No.:<br><br>**COMPLAINT** |

　　　Plaintiff, Thomas Burke, for his Complaint against Defendant Unum Life Insurance Company of America ("UNUM"), states as follows:

　　　1.　　Mr. Burke is an individual who, at times relevant to this Complaint, resided in Madbury, New Hampshire, and who is or was a participant in a group long disability plan (the "Plan") sponsored by his former employer, Arch Global Holdings, LLC, which was insured, in part, with group policy No. 398278, UNUM sold Arch Global Holdings LLC.

　　　2.　　UNUM was the administrator for all long term disability claims filed under the Policy.

　　　3.　　UNUM is a domestic company and has its principal location of business in Portland, Maine.

　　　4.　　UNUM acts as the plan administrator and/or fiduciary of the Plan for purposes of benefit determinations and payments made pursuant to the Policy.

5. Mr. Burke brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over UNUM because, per ERISA 502(e), UNUM resides in this District.

### Claim for Relief

6. The Policy provides that UNUM will pay long term disability benefits to participants who are participants under the Plan.

7. Under the Policy, disability is defined as follows:

> You are disabled when Unum determines that:
> - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of disability payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

8. Prior to his disability, Mr. Burke worked as CNC Operator, manufacturing medical equipment, including orthopedic pins and shafts. This position requires prolonged standing, twisting, bending, and turning, along with lifting weight greater than 20 pounds.

9. Beginning in November 2019, Mr. Burke was unable to work due to panic attacks, as well as emotional, cognitive and physical fatigue. In addition, Mr. Burke has continued to suffer from insomnia and chronic pain syndrome.

10. Mr. Burke's last date of employment was November 14, 2019.

11. Mr. Burke became disabled under the policy on or about November 14, 2019.

12. Mr. Burke has qualified for long term disability under the Policy.

13. Mr. Burke submitted a claim for long term disability benefits to UNUM on or around May 14, 2020.

14. By letter dated September 15, 2020, UNUM denied Mr. Burke's claim for long-term disability benefits. Specifically, UNUM concluded that the records supported a finding that Mr. Burke's disability was caused by, contributed to, or resulted from a pre-existing condition.

15. Mr. Burke appealed this decision on June 28, 2021, through counsel.

16. By letter dated August 9, 2021, UNUM upheld its denial of Mr. Burke's long term disability benefits.

17. Mr. Burke exhausted his condition precedents under the Policy and Plan.

18. As a result of the foregoing, Mr. Burke has suffered a loss in the form of unpaid benefits.

19. Mr. Burke is entitled to a judgment against UNUM in the amount of the unpaid long term disability benefits under the Policy and Plan.

20. Mr. Burke is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff, Mr. Burke, requests the Court grant him the following relief from Defendant UNUM:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. An order reinstating his benefits and ordering that they be paid through coverage under the Plan and Policy.

    c. His costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated: November 18, 2021

    /s/ *Tamra J. Wallace*
Tamra J. Wallace, Esq.
LAMBERT COFFIN
Two Monument Square, Suite 400
Portland, Maine 04101
207.874.4000
twallace@lambertcoffin.com